John G. Hale, Plaintiff in Error, v. Edward A. Ferguson et al., Defendants in Error.

Gen. No. 18,752.    (Not to be reported in full.)

Error to the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the March term, 1913. Affirmed. Opinion filed May 4, 1914.

## Statement of the Case.

Bill by John G. Hale against Edward A. Ferguson, Union Central Life Insurance Company and Charles W. Sampson to enjoin the collection of a judgment entered against complainant in favor of Ferguson on a promissory note, and also to enjoin the collection of a judgment recovered on an appeal bond. A demurrer was filed setting up that the face of the bill showed that the matter was *res adjudicata* and that there had been laches in prosecuting it. The demurrer was sustained and the bill dismissed. Later the complainant moved to vacate the order of dismissal and to make Lelia H. Hale a party complainant and the motion was denied. Thereupon complainant sued out a writ of error.

Previous to the filing of the bill, Ferguson recovered a judgment against the complainant on a promissory note before a justice of the peace, and on appeal to the Circuit Court a judgment was entered for the same amount, and from the judgment Hale appealed to the Appellate Court and the judgment was affirmed. After this affirmance, Ferguson failing to obtain satisfaction of his judgment brought suit against the surety on the appeal bond (one Lelia H. Hale) and obtained a judgment. On appeal from the judgment to the Appellate Court the judgment was affirmed. See 162 Ill. App. 523.

Nat. Life Ins. Co. v. McDermott. 186 Ill. App. 157.

EDWARD J. KELLEY, for plaintiff in error.

No appearance for defendants in error.

MR. JUSTICE BROWN delivered the opinion of the court.

### Abstract of the Decision.

JUDGMENT, § 311*—*when dismissal of bill to enjoin enforcement of judgment proper.* On bill to enjoin the collection of a judgment recovered against complainant on a promissory note on the ground that there was fraud in the execution of the note and a partial failure of consideration, *held* that a decree dismissing the bill was proper, that the matter set up in the bill would have been available in law as well as in equity, and that the matter was *res adjudicata* in the Superior Court and in the Appellate Court.

---

National Life Insurance Company of the United States of America, Appellant, v. Charles H. McDermott, Appellee.

Gen. No. 18,834.

1 INSURANCE, § 194*—*when acceptance of worthless certificate of deposit in payment of a single premium policy does not entitle insurer to cancellation of policy.* On bill filed by a life insurance company to cancel a policy of life insurance executed and delivered to defendant on application for a single premium policy, it was alleged that the policy was void because there was no payment of the premium, that a certain certificate of deposit given in payment for the premium was worthless for the reason that the bank was insolvent, and that defendant knew of the bank's insolvency and complainant did not, *held* that a decree, dismissing the bill for want of equity, finding that the certificate of deposit was accepted as payment in full of the premium was proper, it appearing from the circumstances attending the transaction that the certificate was taken as a "settlement" or "payment" or "exchange" for

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.